The Attorney General has considered your request for an opinion wherein you ask, in essence, the following questions: 1. Is the position of inspector for a public trust which has the city as its beneficiary an office or position in city government to which 11 O.S. 10-112 [11-10-112] (1978) is applicable? 2. If the answer to the first question is in the affirmative, does 11 O.S. 10-112 [11-10-112] (1978) prohibit a City Manager from receiving compensation for work as inspector for the public trust even though he entered the contract with the public trust prior to the time he was appointed City Manager ? 3. Does 11 O.S. 10-112 [11-10-112] (1978) apply to an "Acting City Manager" ? Title 11 O.S. 10-112 [11-10-112] (1978) provides in relevant part: "The city manager may appoint himself, or the council or other authority may appoint or elect him, to other offices and positions in the city government, subject to regulations prescribed by ordinance; but he may not receive compensation for service in such other offices or positions." By its terms, 11 O.S. 10-112 [11-10-112] (1978) applies to those offices or positions of city government to which a City Manager may be appointed by himself or the City Council. As such, the section serves as an exception to dual office holding prohibitions. It maintains non-compensation, and extends that aspect to "positions" in city government. The application of the section, however, extends to those offices or positions to which the manager may, by himself or by the council, be elected or appointed. This question is subject to resolution only upon determination of the provisions of the trust indenture, identification of the identity of trustees, and specification of the power of the City Manager over employees of the Trust. As such the question calls for a determination of fact and cannot be answered as a matter of law alone. The statutory prohibition attaches to the position of the City Manager on the determination that the position is one to which the manager may be appointed or elected. Whether a preexisting contract is involved is irrelevant, as the assumption of the position of City Manager keys the operation of the statute. Title 11 O.S. 10-114 [11-10-114] (1978) provides as follows: "The city manager, by letter filed with the city clerk, may appoint a qualified administrative officer of the city to be acting city manager during the temporary absence or disability of the city manager. The council may appoint an acting city manager whenever: 1. The manager fails to make such designation; 2. The council suspends the city manager; or 3. There is a vacancy in the office of city manager." The above section operates to create the position of Acting City Manager and is the only such provision which makes reference to that position. Therefore, one must look to the provisions applicable to City Manager to ascertain the function, duties and powers which may be exercised by the Acting City Manager. Upon reading the provisions applying to City Manager, one cannot selectively apply the powers and duties attaching to that position and then ignore the prohibitions or restriction placed upon same. It is important to note that the provisions of 11 O.S. 10-112 [11-10-112] (1978) apply to statutory council-manager cities. The statute does not have automatic application to charter cities operating under a council-manager form of government established by charter. It is, therefore, the official opinion of the Attorney General that: 1. The application of 11 O.S. 10-112 [11-10-112] (1978) to the position of inspector for a public trust which has as its beneficiary a statutory council-manager city is dependent upon a determination of questions of fact and may not therefore be determined as a question of law; 2. The existence of a prior contract for compensation as an inspector for such trust does not operate to suspend the prohibition of 11 O.S. 10-112 [11-10-112] (1978); and 3. The prohibition of 11 O.S. 10-112 [11-10-112] (1978) extends to the position of "Acting City Manager." (PATRICIA R. DEMPS) (ksg)